Justin Steffen
*Attorney for Plaintiff*
Steffen Legal Services, LLC
205 SE Spokane St.  #300
Portland, OR 97202
Tel:  971-570-9225
info@steffenlegal.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **ANDRES DUARTE**,<br><br>    Plaintiff,<br><br>v.<br><br>**CLACKAMAS COUNTY SHERIFF'S OFFICE, NORM JOHNSON, in his individual capacity, and JOHN DOE, in his individual capacity.**<br><br>    Defendants. | Case No.:  3:20-cv-00622-MO<br><br>**SECOND AMENDED COMPLAINT**<br>(cruel and unusual punishment)<br><br>**42 USC 1983**<br><br>8th Amendments of the U.S. Constitution<br><br>**AMOUNT PRAYED FOR: $130,000**<br><br>**JURY TRIAL REQUESTED** |

PLAINTIFF, through his attorney Justin Steffen, bring this SECOND AMENDED COMPLAINT against Defendants, pursuant to FRCP 15(a)(2).  Exhibit 1, attached hereto contains the consent of the opposing party.  Plaintiff alleges as follows:

1.

At all times material to this complaint, Plaintiff was an inmate at the Clackamas County Jail, which is operated by Defendant Clackamas County Sheriff's Office (hereafter, 'CCSO'). Defendant CCSO is a government organization operating in the Portland Division of the District of Oregon and Defendants Johnson and Doe are employees of Defendant CCSO.  The events

**SECOND AMENDED COMPLAINT**, page 1 of 7

giving rise to this Complaint occurred in the Portland Division of the District of Oregon. This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331.

2.

Between November of 2018 and March of 2019, Plaintiff was detained at the Clackamas County Jail.  During much of this time, Plaintiff was a member of the outside work crew, performing maintenance duties at various park and recreational locations in Clackamas County. Being on this work crew is considered a perk by inmates and is a sought-after position.

3.

One day early in 2019, at approximately 9am, Plaintiff was ordered to clean a cell in the booking area.  This was not a normal part of Plaintiff's duties as a member of the outside work crew.  In the booking area, a mentally ill person was being detained in the cell that Plaintiff was asked to clean.  This person had smeared human feces all over the walls of the cell and had flooded the cell with toilet water.  Plaintiff was ordered to clean the cell without proper safety equipment.  Plaintiff was only given rubber gloves.  Upon information and belief, this is not proper safety attire for persons who are required to perform this kind of work.  Upon information and belief, Defendant's own training materials for inmate work crews requires that they undergo bio-hazard training before being assigned to clean up bio-hazardous waste.  Plaintiff has never received any such training.

4.

Plaintiff protested that it was unsafe to clean the cell with only gloves.  Plaintiff was then threatened with losing his position on the outside work crew and losing 'good time credit' that he had accumulated.  This threat was made by Defendant Johnson.  Defendant Johnson knew, or should have known, that exposing Plaintiff to fecal matter and bodily fluids without proper safety equipment is a violation of Plaintiff's Constitutional rights.  Defendant Johnson threatened

**SECOND AMENDED COMPLAINT**, page 2 of 7

to punish Plaintiff solely because Plaintiff refused to allow his rights to be violated.

5.

Under protest, Plaintiff (and another inmate with the last name of Smith) cleaned the cell. During the cleaning, a nurse brought them surgical masks to wear. Upon information and belief, gloves and a mask are also not proper safety attire for this kind of work.

6.

At approximately 4pm on that same day, Plaintiff was again ordered to clean the same cell because the inmate had again smeared feces on the walls and flooded the cell with toilet water. Plaintiff protested again, but was again threatened with loss of his outside work post and good time credit. This threat was made by Defendant Doe. Defendant Doe knew, or should have known, that exposing Plaintiff to fecal matter and bodily fluids without proper safety equipment is a violation of Plaintiff's Constitutional rights. Defendant Doe threatened to punish Plaintiff solely because Plaintiff refused to allow his rights to be violated. In addition, no mask was provided this time. Plaintiff's only safety equipment was a pair of rubber gloves.

7.

Over the course of the next several weeks, Plaintiff was required to clean the cell three more times, under the same conditions. Plaintiff protested each time and asked for more protection each time. Defendant refused to give Plaintiff any more protective equipment. The name of the jail employee who forced Plaintiff to clean this cell is unknown. Plaintiff intends to amend this complaint at a later date, after the discovery of this person's identity.

8.

Eventually, Plaintiff was ordered to clean a different cell that was contaminated with blood and fecal matter without protective equipment (other than gloves). Plaintiff refused, with the expectation that he would lose his good time credit and outside work crew status as he had been threatened with. However, Plaintiff did not lose credit or his work crew status after

refusing to clean this cell. The name of the jail employee who forced Plaintiff to clean this cell is unknown. Plaintiff intends to amend this complaint at a later date, after the discovery of this person's identity.

9.

During this time, Plaintiff was told by one of the jail nurses (first name of Cindy) that he should not clean the contaminated cells without proper safety equipment. He was also told the same thing by several deputies. At one point, Plaintiff was offered boots, but they had a hole in them. Plaintiff had no choice, but to wear the boots and his feet were exposed to contaminated water.

10.

On 3/5/19, Plaintiff filed an emergency grievance regarding the poor working conditions described above. Defendant responded through Sergeant McCloud, who stated, "After watching video of cleaning the human waste in question I found that it was not consistent in insuring Inmate workers had the proper protective equipment. . . [Protective equipment] should be provided when cleaning a room encased in human waste." Sergeant McCloud also stated that more protective equipment needed to be ordered. He then closed the grievance. Plaintiff was released from the jail a short time later.

11.

A few days after one of the times Plaintiff cleaned a contaminated cell, he noticed a rash on his forehead in the spot where contaminated water hit him when he was cleaning the cell. Plaintiff was treated in the jail infirmary and received a blood test for hepatitis and other contagious diseases as a result of his exposure to the fecal matter when cleaning the cell. Plaintiff was never given the results of this test. Plaintiff was prescribed medication for his rash and it went away after approximately one week.

12.

Defendants know (or should know) that exposing inmates to fecal matter and other biohazards is a violation of standard operating practices for county jails.  By forcing Plaintiff to clean the cells as described above, Defendants were deliberately indifferent to Plaintiff's 8th Amendment rights.  Upon information and belief, these actions represent a policy, practice, or custom of Defendant CCSO.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Cruel and unusual punishment:  8th Amendment to the U.S. Constitution; 42 USC 1983 – Against all Defendants)

13.

Plaintiffs re-allege and incorporate Paragraphs 1-12 as if fully set forth here.

14.

Defendants' actions as described above constitute cruel and unusual punishment, in violation of the 8th Amendment.  Exposing inmates to fecal matter and contaminated toilet water without proper safety equipment and training is cruel and unusual punishment.  As a direct result of Defendants' actions, Plaintiff has sustained non-economic damages due to pain, suffering, humiliation, and inconvenience in the amount of $30,000.  Plaintiff is also seeking punitive damages against the individual defendants in the amount of $100,000.

## PRAYER FOR RELIEF

15.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $130,000, representing $30,000 in non-economic damages and $100,000 in punitive damages (against the

**SECOND AMENDED COMPLAINT**, page 5 of 7

individual defendants only).

-Plaintiff's reasonable costs and attorney's fees associated with bringing this action, pursuant to 42 USC 1988(b).

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on:  7/7/20


By: s/ Justin Steffen_____
Justin Steffen
*Attorney for Plaintiff*
Steffen Legal Services, LLC
205 SE Spokane St.  #300
Portland, OR 97202
Tel:  971-570-9225
info@steffenlegal.com

**SECOND AMENDED COMPLAINT**, page 6 of 7

## CERTIFICATE OF SERVICE

I, Justin Steffen, served the foregoing Second Amended Complaint on Defendants' attorney via the CM/ECF electronic filing system on 7/7/20.

Respectfully submitted on:  7/7/20

By: s/ Justin Steffen_____
Justin Steffen
*Attorney for Plaintiff*
Steffen Legal Services, LLC
205 SE Spokane St.  #300
Portland, OR 97202
Tel:  971-570-9225
info@steffenlegal.com